UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KIMBERLY DALZELL,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-121

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Docs. 3, 5. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 14), the administrative record (doc. 6),[1] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of March 22, 2016. PageID 580. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, right knee pain, a traumatic brain injury, and post-traumatic stress disorder ("PTSD"). PageID 41.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Deborah Sanders on April 25, 2018. PageID 430-53. The ALJ issued a written decision on June 28, 2018 finding Plaintiff not disabled from her alleged onset date through September 30, 2017, her date last insured ("DLI"). PageID 38-50. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[2] "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" PageID 114.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 26-29. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 38-50), Plaintiff's Statement of Errors (doc. 11) and the Commissioner's memorandum in opposition (doc. 14). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that the ALJ erred in determining her RFC and, as a result, posed an inaccurate hypothetical question to the Vocational Expert ("VE") at the administrative hearing.  Doc. 11 at PageID 1841-43.  More specifically, Plaintiff asserts error in the ALJ's conclusions regarding (1) the extent to which Plaintiff would be off-task during the workday and (2) how many days of work she would miss because of her mental impairments.  *Id.*

A person's RFC is the most that an individual can do despite all of his or her physical and mental limitations.  20 C.F.R. § 404.1545(a)(1).  An ALJ determines a claimant's RFC "based on all the relevant evidence in [the claimant's] case record," including statements about what the claimant can do "provided by medical sources" and "descriptions and observations of [the claimant's] limitations from [his or her] impairment(s), including limitations that result from [the

claimant's] symptoms, such as pain, provided by [his or her] family, neighbors, friends, or other persons." 20 C.F.R. § 404.1545(a)(3). While the ALJ is responsible for determining the RFC, *see* 20 C.F.R. § 404.1546(c), in doing so, "the ALJ may not interpret raw medical data in functional terms." *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008). Thus, "[c]ritical to this [RFC] finding are residual capacity opinions offered by medical sources." *Id*.

      Here, the ALJ found that Plaintiff possessed the RFC to perform light work with a number of additional non-exertional limitations, including a finding that Plaintiff "may be off-task 5% of the workday, and absent for six to eight days per year." PageID 44. The VE testified at the administrative hearing that an individual with such an RFC would be able to perform a significant number of jobs in the national economy. PageID 449-50. The VE, however, further testified that if an individual were off-task more than 10% of the workday, such a limitation would be work preclusive. PageID 451. In addition, the VE testified that a person who misses more than one day of work per month could not maintain competitive employment. *Id*.

      As noted above, in asserting error in the ALJ's RFC determination, Plaintiff argues that the ALJ's conclusion -- regarding her ability to stay on-task and regularly attend work without absences -- is unsupported by substantial evidence. Doc. 11 at PageID 1842. Certainly, no medical source of record opines regarding the extent to which Plaintiff would be off-task during the workday or how often she would be absent from work and, thus, such a conclusion "is purely a creation of the ALJ[.]" *Eminian v. Comm'r of Soc. Sec.*, No. 1:11 CV 696, 2012 WL 4504511, at *3 (N.D. Ohio Sept. 29, 2012). In other words, "the ALJ inappropriately interpreted the severity of raw medical data, a task the ALJ is not entitled to perform." *Tipton v. Comm'r of Soc. Sec.*, No. 3:16-CV-00493, 2018 WL 524876, at *2 (S.D. Ohio Jan. 24, 2018); *see also Eminian*, 2012 WL 4504511, at *3.

The undersigned thus concludes that the ALJ's non-disability finding is unsupported by substantial evidence, and should be reversed.

### IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

### V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   August 4, 2020                                  s/ Michael J. Newman
                                                        Michael J. Newman
                                                        United States Magistrate Judge